UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 01-3399-CIV-MORENO**

ANGEL ENRIQUE VILLEDA ALDANA, *et al.*,
    Plaintiffs,
vs.
FRESH DEL MONTE PRODUCE, INC. d/b/a DEL MONTE FRESH PRODUCE COMPANY and COMPANIA DE DESARROLLO DE GUATEMALA, S.A. (BANDEGUA),
    Defendants.
_____/



## ORDER DISMISSING COMPLAINT FOR *FORUM NON CONVENIENS*

THIS CAUSE came before the Court upon Defendants' Renewed Motion to Dismiss Fourth Amended Complaint for *Forum Non Conveniens* **(D.E. No. 163)**, filed on **October 18, 2006**. This matter was referred to the Honorable Andrea M. Simonton, United States Magistrate Judge, for a Report and Recommendation. This Court does not endorse the Magistrate Judge's Report, and now **GRANTS** Defendants' motion to dismiss for *forum non conveniens*.

### BACKGROUND

The facts alleged in this case have been discussed in *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242 (C.A. 11th, 2005). Plaintiffs are all Guatemalan nationals who currently reside in the United States and bring claims under the Alien Tort Act and the Torture Victim Protection Act stemming from a labor dispute between them and the defendants.

Plaintiffs, who were officers of a trade union in Guatemala, allege that following a labor dispute in Defendants' plantation, Defendants organized an armed gang of employees and agents alongside government officials, and that this gang kidnaped the Plaintiffs. Plaintiffs allege that

they were tortured, coerced into denouncing the trade union on the radio, and then exiled. Plaintiffs were granted political asylum in the United States, and in exchange they testified against their alleged attackers as part of an agreement with the Guatemalan government.

Plaintiffs Angel Enrique Villeda Aldana, Jorge Agustin Palma Romero, Oscar Leonel Guerra Evans, Lyionhel McIntosch Rodriguez and Marel Martinez, Gumerzindo Loyo Martinez and Rigoberto Alvayero Hernandez are all Guatemalan nationals currently residing in the United States. Plaintiffs Aldana, Evans, Rodriguez, Marel Martinez and Hernandez are all permanent residents. Plaintiffs Romero and Loyo Martinez are in their final stages of obtaining permanent resident cards.

## PROCEDURAL HISTORY

Plaintiffs filed their initial action in the United States, which became the subject of the Eleventh Circuit Court's opinion affirming this Court's order dismissing the complaint, but reversing the dismissal of the claims under the Alien Tort Act and the Torture Victim Prevention Act.

This Court had previously denied Defendants' motion to dismiss for *forum non conveniens*, dismissed the complaint for lack of personal jurisdiction over the federal causes of action, and declined to exercise jurisdiction over the state claims. *See Aldana v. Fresh Del Monte Produce, Inc.*, 305 F.Supp.2d 1285 (S.D.Fla., 2003). This Court did so without prejudice, inviting Plaintiffs to refile a Fourth Amended Complaint prior to January 15, 2004. Plaintiffs opted not to refile, and instead appealed the ruling on subject matter jurisdiction to the Eleventh Circuit Court of Appeals while simultaneously filing their non-federal claims in Florida state court.

The Florida state court granted Defendants' motion to dismiss the claims for *forum non conveniens*, expressly noting that it was not bound by this Court's decision because it was not a "final prior judgment to which both parties are bound." Most importantly, the state court found that as a factual matter, Plaintiffs were not required to be present in Guatemala at all in order to litigate their claims, nullifying any safety concerns. In granting the dismissal, the state court qualified it by stating that Plaintiffs could seek reconsideration if any Plaintiffs were required to appear in person in Guatemala in order to litigate their claims.

After the Eleventh Circuit Court of Appeals decision, Defendants renewed their assertion that this case be dismissed for *forum non conveniens.*

## I. Collateral Estoppel

Collateral estoppel operates to prevent the unnecessary relitigation of issues already decided in prior proceedings. *See e.g. Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

Federal courts may be collaterally estopped on a matter by state courts, due to the comity required by the Full Faith and Credit Act. 17 U.S.C. § 1783 (2007). Wherever a state court decision would estop another state court, so too does that decision estop federal courts in that state. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519 (1986) (holding that federal courts must give the same preclusive effect to state courts as another state court would give).

Under Florida law, collateral estoppel exists where "the identical issue has been fully litigated between the same parties and the particular matter was fully litigated and determined in a contest that results in a final decision of a court of competent jurisdiction." *Paresky v. Miami-*

*Dade County Bd. of County Comm'rs*, 893 So.2d 664, 665-66 (Fla. 3d DCA 2005) *citing Gentile v. Bauder*, 718 So. 2d 781, 783 (Fla. 1998). This state law standard is identical to the Eleventh Circuit's federal standard. *See e.g. Chazen v. Deloitte & Touche, LLP*, 2003 WL 24892029, at *1 (11th Cir. 2003) *quoting Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000).

### A. The Prior Denial by This Court of a Motion to Dismiss for *Forum Non Conveniens*

This Court's prior decision to deny a motion to dismiss for *forum non conveniens* is not a binding decision upon this Court, and so the current motion to dismiss is not barred. In situations where a federal district court has the authority to reconsider its decision, prior decisions by that court are not binding authority. *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991). Interlocutory orders may be reconsidered by the court at any time prior to the entry of a final judgment. *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). Thus, this Court's order denying the motion to dismiss the Third Amended Complaint is not binding when considering the current motion to dismiss the Fourth Amended Complaint for *forum non conveniens* . *See also United States v. United Smelting, Refining & Mining Co.,* 339 U.S. 186, 199 (1949) (holding that such a determination was not binding under the "law of the case" doctrine).

### B. The Florida State' Court's Order of Dismissal

In reaching its decision, the state court followed the *forum non conveniens* framework from *Kinney Sys., Inc. v. Continental Ins. Co.,* where the Florida Supreme Court had explicitly "adopted the federal doctrine of *forum non conveniens*." 674 So. 2d 86, 93 (Fla. 1996).

It is not disputed that the current case involves the same litigants, and the same underlying

facts as the state case. However, this court may consider the Plaintiffs' connection to the United States as a whole (as opposed to just Florida), as well as whether it is relevant that the Plaintiffs make their claim under federal anti-torture laws. While this overall analysis is broader than the state court's, that issue does not preclude this Court from being estopped by the state court as to legal and factual matters determined by the state court which were essential to its final judgment.

> Although the overall analysis required in federal court is geographically broader than the one applied by the Florida courts....*the legal and factual issues essential to the forum non conveniens judgment of the Florida court are identical to the issue before this [federal] Court.* Therefore, while the Plaintiff is not barred from challenging the ultimate judgment of the state court to dismiss the prior action for *forum non conveniens*, the *Plaintiff is barred from challenging the legal and factual issues resolved by the state court.*

*Callasso v. Morton & Co.*, 324 F.Supp.2d 1320 (S.D.Fla., 2004) (emphasis added).

This Court is bound by the legal and factual conclusions of the Florida state court which were essential to its decision to grant a motion for *forum non conveniens*, including the fact that Plaintiffs would not be required to appear in person in Guatemala in order to litigate their claim.

## II. Forum Non Conveniens

*Forum non conveniens* operates to allow a court to discretionarily exercise jurisdiction over a matter when a more convenient alternate forum is available. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-7 (1947). This tool "is to be favored" for ensuring that federal courts only hear "those cases where contacts with the American forum predominate." *Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1519 n.10 (11th Cir. 1985).

The burden of proving each aspect of a *forum non conveniens* analysis is on the moving defendant.

### A. The Availability of an Alternative Forum

The first aspect is the existence of a viable - i.e. adequate and available - alternative forum. *See Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).  To be *available* is to be able to assert jurisdiction, typically satisfied by defendant's amenability of service.  *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1282 (11th Cir. 2001).  To be *adequate* is to be capable of providing "some relief for the plaintiffs' claims."  *See Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 865 (11th Cir. 2007).  This "some relief" needn't be perfect, so long as it is *something* more than "no remedy at all".  *Satz*, 244 F.3d at 1283 *citing Piper Aircraft*, 454 U.S. at 255 n.22.

This Court is following the Florida state court's decision on this matter, in finding that Guatemala provides an adequate and available alternative forum for the Plaintiffs to litigate their claims.

### B. The Weight of Private and Public Interests

The second aspect requires that the weight of private and public interests support disturbing the plaintiff's original choice of forum.  *SME Racks*, 382 F.3d at 1101 *citing* Gilbert, 330 U.S. at 508.

There is no definitive listing of either the private or public interests applicable here.  The Supreme Court has said that it may include all "practical problems that make trial of a case easy, expeditious and inexpensive."  *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947).  However, courts have provided examples.  Private interests may include the availability of witnesses and other evidence, the costs of proceedings, and other pragmatic concerns.  Public interests may include concerns of comity, the administrative burdens of trial, and the possible need to apply foreign law

domestically. When plaintiffs are residents of the United States, the Eleventh Circuit has mandated that a district court "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." *SME Racks, Inc. v. Sistemas Macanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101-02 (11th Cir. 2004).

Because the private interest factors involved in *forum non conveniens* cases are identical in Florida and federal law, this Court is precluded from considering a different list of private interests. Thus, this Court considers that the alleged misconduct occurred in Guatemala, that the entirety of the witnesses except for the Plaintiffs are located in Guatemala, that the vast majority of documentary evidence is in Spanish and thus would require translation for admission in this Court, and that the vast majority of witnesses do not speak English.

The *only* different private interest is that in Florida state court, the Plaintiffs were not residents of Florida and thus were not afforded a special presumption of correctness. Contrastingly, here in this Court as residents of the United States they are afforded such a presumption. This presumption, however, is *not* singularly dispositive.

The only evidence that is in the United States is the testimony of the Plaintiffs. As The Supreme Court has stated:

> A citizen's forum choice should not be given dispositive weight, however....Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or for the court, dismissal is proper.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 246 n.23 (1981). In the same case, the Supreme Court

noted that no single factor should be controlling, as "if central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." *Id.* at 263. "The analysis of private factors *begins* with the ease of access to evidence and the availability of witnesses." *King v. Cessna Aircraft, Co.*, 405 F.Supp.2d 1374, 1378 (S.D.Fla., 2005).

All the other evidence is in Guatemala or the surrounding area. None of the witnesses involved in the case, except the Plaintiffs, are within the reach of this Court's compulsory process. Were Defendants forced to litigate their claim here, it is plausible those witnesses would be unable to be compelled to attend this Court. Moreover, the cost of transporting such evidence and witnesses would be sufficiently high as to place an unfair burden upon Defendants as compared to Plaintiffs.

Perhaps more importantly, this court is precluded from disregarding the state court's finding that Plaintiffs have no need to be in Guatemala, because this was an essential element in the state court's decision. *See e.g. Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 522 (holding that a federal court was bound by the state court's interpretation of whether or not an earlier federal court judgment barred the state action). This fact eliminates any concern over the Plaintiffs' safety, because it consideration of whether Plaintiffs would be required to appear in person in Guatemala.

Thus, this Court finds that the weight of private interests lies heavily in favor of the Defendants' choice of Guatemala as a forum. As such, the public interest factors such as concerns about forum shopping, are not necessary for this decision. However, were this Court

to have found that private interests were in equipoise, the public interest factors would *also* heavily favor the Defendants' choice of forum.

The Florida state court did not consider the public interest factors, as it made its determination based on private interests. As a result, determinations in the state court regarding the weight of public interest factors are not binding upon this Court due to not being essential to the state court's decision. *See Wingard v. Emerald Venture Fla. LLC*, 438 F.3d 1288, 1293 (11th Cir. 2006) ("Under Florida law...the litigated issue must have been a crucial and necessary part of the prior determination.").

While there is a strong public interest in favoring the receptivity of United States courts to claims under 28 U.S.C § 1350, there is a greater policy interest in preventing forum shopping, as well as in protecting comity between the United States and other nations and other such interests.

Here, there is "positive evidence of unusually extreme circumstances" in that *all* of the evidence involved, except for Plaintiffs' testimony is located in Guatemala or the surrounding area, outside of this Court's reach, and thus a material injustice would result were Defendants forced to litigate in the United States. *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1102 (11th Cir. 2004).

As the state court concluded:

> This dispute, involving as it does one of Guatemala's largest private employers in one of Guatemala's most important economic sectors and one of Guatemala's most influential labor unions, is a quintessentially Guatemalan dispute. Plaintiffs' choice of a Florida forum imposes an inappropriately heavy burden on this Court and this community....Guatemala, on the other hand, has a paramount interest in this dispute and its courts are more appropriate for adjudicating

    Plaintiffs' claims.

FNC Dismissal Order, at 4-5. Although this Court is not bound by the state court's determinations regarding public interest factors because they were not essential to the state court's decision, they are persuasive. It is difficult to identify any public interest factors which would weigh in favor of the Plaintiffs

### C. The Opportunity to Reinstate

The final aspect of *forum non conveniens* requires that *if* the motion is granted, that the plaintiff must be able to reinstate the suit in that alternative forum "without undue inconvenience or prejudice." Calloso v. Morgan & Co., 324 F.Supp. 2d 1320, 1330 *citing* La Seguridad v. Transytur Line, 707 F.2d 1304, 1308 (11th Cir. 1983). *See also* Tyco Fire & Sec., LLC. v. Alcocer, 218 Fed. Appx. 860, 866 (11th Cir. 2007). There is no indication whatsoever that Plaintiffs will be unable to do so, and Defendants have stipulated that they are amenable to service in Guatemala.

### III. CONCLUSION

THE COURT has considered the motion, response, reply, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED**. Plaintiff's Claim is dismissed for *forum non conveniens* without prejudice to Plaintiff's right to seek reconsideration if any of the Plaintiffs are required to appear in person in Guatemala in order to litigate their claims.

DONE AND ORDERED in Chambers at Miami, Florida, this _16_ day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: counsel of record.