UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 01-3399-CIV-MORENO

ANGEL ENRIQUE VILLEDA ALDANA, *et al.*,

    Plaintiffs,

vs.

FRESH DEL MONTE PRODUCE, INC. d/b/a
DEL MONTE FRESH PRODUCE COMPANY
and COMPANIA DE DESARROLLO DE
GUATEMALA, S.A. (BANDEGUA),

    Defendants.
_____/

## ORDER DENYING MOTION FOR REINSTATEMENT

Plaintiffs, Guatemalan laborers, filed a motion for reinstatement of this decade-old case for violations of the Torture Victim Protection Act and the Alien Tort Statute.[1] Following dismissal of this case based on the doctrine of *forum non conveniens*, Plaintiffs filed suit in Guatemala. The Guatemalan court dismissed the case outright citing a Guatemalan statute requiring dismissal of cases previously filed in a foreign jurisdiction – as was the case here. Without seeking appellate

---

[1] To the extent, Plaintiffs' claims were under the Torture Victim Protection Act, those claims cannot be brought against the corporate defendants in this case. *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702, 1710-11 (2012) ("The text of the TVPA convinces us that Congress did not extend liability to organizations, sovereign or not."). Likewise, it is unclear that Plaintiff's claims under the Alien Tort Statute can be brought against the corporate defendants – an issue before the United States Supreme Court in *Kiobel v. Royal Dutch Petro. Co.*, 132 S. Ct. 1738 (2012). Under review in *Kiobel* is a Second Circuit opinion finding that corporate entities cannot be liable under the Alien Tort Statute. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111 (2d Cir. 2010) (dismissing ATS claims against corporations allegedly aiding and abetting the Nigerian government in human rights abuses).

review of this ruling, Plaintiffs quickly moved to reinstate their case in this federal court and the Florida state trial court. The Florida trial court denied the motion to reinstate without opinion and the Third District Court of Appeal affirmed that decision.

This Court has reviewed the motion to reinstate under the framework of Rule 60(b)(6) and the collateral estoppel issues implicated by the state court rulings. Because the Court finds the Rule 60(b)(6) "exceptional circumstances" standard is not met due to Plaintiffs' abandonment of its appellate rights in Guatemala, the Court need not decide whether collateral estoppel bars this Court from reinstating the case. Accordingly, the Court denies the motion to reinstate due to the failure to meet the Rule 60(b)(6) standard.

THIS CAUSE came before the Court upon Plaintiffs' Motion for Reinstatement (**D.E. No. 226**), filed on **January 25, 2011**.

THE COURT has considered the motion, the response, oral argument, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

### I. Background

This case originally filed on August 2, 2001 stems from an incident that occurred on October 13-14, 1999, when an armed group of Guatemalans allegedly kidnaped and detained Plaintiffs, who were officers of Sindicato de Trabajadores del Banano de Izabla ("SITRABI"), the labor union representing the workers at Del Monte's Bobos banana plantation in Guatemala. SITRABI was about to call a strike in response to alleged company violations of the collective bargaining agreement. Over the course of this day, Plaintiffs claim they were subject to a whole host of violations of international law perpetrated in part by Defendants' agents and employees, including

kidnaping, torture, and unlawful detention.

The Plaintiffs, Angel Enrique Aldana, Jorge Agustin Palma Romero, Oscar Leonel Guerra Evans, Lyionhel McIntosh Rodriguez, Marel Martinez, Gumerzindo Loyo Martinez, and Rigoberto Alvayero Hernandez are all citizens of Guatemala that are currently residing in California and Nevada. They brought suit for equitable relief and for damages to remedy the injury to their persons caused by the alleged wrongful conduct of Defendants Fresh Del Monte Produce, Inc. ("Del Monte, Inc."), Del Monte Fresh Produce Company ("Del Monte Fresh"), and Compania De Desarollo Bananero De Guatemala, S.A. ("Bandegua"). Plaintiffs allege that Del Monte, Inc. is a for-profit company that controls, manages or supervises all aspects of production, distribution and marketing of its fresh produce on a worldwide basis from its office in Coral Gables, Florida. Defendants Del Monte Fresh, a Delaware corporation, and Bandegua, a Guatemalan corporation, are alleged to be wholly-owned subsidiaries of Del Monte, Inc.

This Court dismissed this case on October 16, 2007 by granting the Defendants' *forum non conveniens* motion (the second such motion filed in these federal proceedings as the first was denied). The Eleventh Circuit upheld that ruling. Below is a more detailed procedural history that is relevant as the Plaintiffs are now seeking to reinstate their case in federal court. In March 2011, the state court denied the motion to vacate the *forum non conveniens* dismissal. The Third District Court of Appeal affirmed that ruling on April 25, 2012.

*A. Procedural History*

On June 5, 2003, this Court denied Defendants' Motion to Dismiss based on the doctrine of *forum non conveniens*. The Court subsequently dismissed the complaint on other grounds finding Plaintiffs did not state a cause of action for torture under the Alien Tort Statute and the Torture

Victim Protection Act. While appealing this Court's dismissal order to the Eleventh Circuit, the Plaintiffs filed their state law claims in the Miami-Dade County circuit court, where the Defendants renewed their *forum non conveniens* motion to dismiss. The state court granted the motion to dismiss based on *forum non conveniens*. In the meantime, the Eleventh Circuit found that Plaintiffs had stated a claim for torture under the Alien Tort Statute and the Torture Victim Protection Act. *Villeda-Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005).

The Eleventh Circuit remanded the case to this Court and the Defendants renewed their motion to dismiss based on *forum non conveniens*. On October 16, 2007, this Court found it was precluded from relitigating issues decided in the parallel state court proceeding. The Court granted the *forum non conveniens* motion and dismissed the Plaintiffs' federal claims without prejudice. *Villeda-Aldana v. Fresh Del Monte Produce, Inc.*, 2007 WL 3054986, at *3 (S.D. Fla. Oct. 16, 2007).

The Eleventh Circuit affirmed this Court's *forum non conveniens* dismissal finding the Court did not abuse its discretion in finding Guatemala afforded an adequate alternative forum for the resolution of Plaintiffs' claims. *Villeda-Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009). That was the final substantive ruling in the federal court proceedings.

### B. Guatemalan Court Proceedings

After exhausting their options in the United States, Plaintiffs filed a petition in Guatemala seeking relief on December 6, 2010. Plaintiffs filed their petition in the Department of Izabal, Puerto Barrios, the Guatemalan region where the violations at issue took place. On December 7, 2010, one day later, the Guatemalan court issued a ruling indicating the Guatemalan courts lack jurisdiction to hear Plaintiffs' claims. The authenticity of this ruling is at issue as Defendants' claim that

Plaintiffs procured this ruling on an *ex parte* basis in an attempt to get out of Guatemalan courts to then seek reinstatement here.

The translation of the Guatemalan Court Order reads as follows:

> Ordinary Proceeding No. 274-2010. Trial Court . . .
>
> 1) It is hereby received the lawsuit filed by: [Plaintiffs] who are represented through a special power of attorney by Carlos Enrique Velasquez Caldceron, the said lawsuit is DENIED, due to the fact that after reading the lawsuit it is clear that the represented party has already filed a lawsuit for damages in the United States District Court, Southern District of Florida (Whereby this court is incompetent to hear this lawsuit. Regarding this subject, article 2 of the Law of Defense of Procedural Rights for Nationals and Residents, Decree 34-97 of the National Congress of the Republic of Guatemala, establishes that an action duly filed abroad by a national before a competent court precludes the national competence; being this the grounds to declare inadmissible the lawsuit filed. II) It is ordered that notice is given. Articles 2, 4, 12, 28, 29, 155, 175, 203 and 204 of the Political Constitution of the Republic of Guatemala; Articles 1, 5, 6, 7, 8, 16, 25, 28, 29, 31, 44, 50, 4\51, 61, 63, 64, 66, 69, 71, 73, 75, 79, 81, 96, 106, 107, 111, 126, 128, 130, 131, 132, 133, 134, 142, 172, 173, 177, 178, 194, and 195 of the Civil and Commercial Procedural Code; Articles 1 and 2 of the Law of Defense of Procedural Rights for Nationals and Residents; Decree 34-97 of the National Congress of the Republic of Guatemala; Articles 10, 11, 15, 16, 17, 24, 35, 37, 38, 44, 45, 48, 49, 57, 94, 108, 114, 141, 142 bis, and 143 of the Law of the Judicial System.
>
> Attorney Marlon Ernesto Olivares Interiano
> Judge
>
> Attorney Romilio Ortega Martinez
> Secretary

The Plaintiffs did not appeal this order of the Guatemalan court. After receiving this ruling, Plaintiffs moved to reinstate this lawsuit as well as the state court action that was originally dismissed for *forum non conveniens*. As mentioned, the state court denied the motion and this Court

stayed the federal motion pending a decision of the Third District Court of Appeal. The Third District has now affirmed the trial judge's order denying the motion to reinstate the Florida case.

## II. Legal Analysis

*A. The Legal Standard for Motion to Reinstate*

The parties dispute whether the Rule 60(b) standard applies when deciding whether to reinstate a case the Court dismissed based on *forum non conveniens*. Plaintiffs' motion is not filed pursuant to any Federal Rule of Civil Procedure. Rather, the Plaintiffs contend that the Court's order is a conditional – not final – judgment. The rationale underlying Plaintiffs' argument is that the Court's Order indicated the dismissal for *forum non conveniens* was "without prejudice to Plaintiffs' right to seek reconsideration." *See Order Dismissing Case for Forum Non Conveniens*, at *11 (D.E. No. 212). The Court agrees that Rule 60(b) applies in this context.

Rule 60(b) applies to provide relief from a judgment, but also from a court order for a variety of reasons. Defendants here are couching the relief sought as under Rule 60(b)(2), which is for newly discovered evidence – in this case, the Guatemalan Order. The subsection is significant in that a party is limited to a one-year time span from the date of the ruling to file under Rule 60(b)(2). Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1)(2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). If this Court were to find the Guatemalan Court order constitutes new evidence, then the one-year time frame would be applicable and of course, the Plaintiffs are well beyond that deadline.

In any event, the Court does not view the Guatemalan order as new evidence, such that Rule 60(b)(2) and its time frame would be applicable. *See, e.g. Kissinger-Campbell v. Harrell*, 418 Fed.

App'x 797, 805 (11th Cir. 2011) (evaluating a Rule 60(b)(2) motion based on new witnesses). A court order from Guatemala is not the traditional proof or testimony designed to convince the judge or jury of the truth or falsity of key facts. Rather, this Court finds that Rule 60(b)(6) applies in this context. Rule 60(b)(6) provides that a court may provide relief from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision likewise requires a movant to file within a reasonable amount of time, but the stringent one-year deadline does not apply. *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 394 Fed. App'x 787, 788 (2d Cir. 2010) (applying Rule 60(b)(6) in case where plaintiff moved to reinstate suit, dismissed five years earlier by district court, when Brazilian court declined to exercise jurisdiction).

Having found the applicable standard to be Rule 60(b)(6), the Court must examine the Guatemalan order in light of that standard. Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Gilley v. Monsanto Co. Inc.*, 428 Fed. App'x 883, 885 (11th Cir. 2011) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). A Rule 60(b)(6) movant carries a heavy burden and must show that "an 'extreme' and 'unexpected' hardship will result" without such extraordinary relief. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1983) (quoting *United States v. Swift & Co.*, 286 U.S. 106 (1932)). The movant "must demonstrate a justification for relief so compelling" that the district court was *required* to grant the motion. *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996). The Court must also first find the motion was filed within a reasonable amount of time as set forth in Rule 60(c).

### B. Does the Motion for Reinstatement meet the Rule 60(b)(6) standard for relief?

#### 1. Timeliness of the Motion for Reinstatement

"A determination of what constitutes a reasonable time depends on the circumstances in an individual case, and in making the determination, courts should consider 'whether parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'" *Rease v. AT&T Corp.*, 358 Fed. App'x 73, 75 (11th Cir. 2010). To evaluate the timeliness of the motion, the Court must review the procedural history of this case.

On October 16, 2007, this Court granted a *forum non conveniens* motion based on the state court's ruling finding Guatemala was an adequate alternative forum for this case. Plaintiffs appealed that order and on August 13, 2009, the Eleventh Circuit affirmed. It was not until October 4, 2010, however, that Plaintiffs' appeals were exhausted when the Supreme Court denied Plaintiffs' petition for certiorari. Two months later, Plaintiffs filed their case in Guatemala on December 6, 2010, and the Guatemalan court issued the order on December 7, 2010, one day later. On January 25, 2011, the Plaintiffs filed their motion to reinstate the case.

Defendants vehemently assert that the appellate process does not toll the time for filing a Rule 60 motion. The one year limitation for Rule 60(b)(1)-(5) is not tolled by an appeal. *Transit Cas. Co. v. Security Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971). Because the Court is construing this motion as one under Rule 60(b)(6), the proper analysis is to evaluate the circumstances of this case to determine whether the time-lag is reasonable. The whole point of appealing the orders was because Plaintiffs were trying to avoid filing in Guatemala. Had they filed in Guatemala, there would have been no point to appealing here. Moreover, there is no prejudice to the parties and the

Plaintiffs have provided good reasons for the timing of the motion. They waited for the appellate process to be exhausted and then filed shortly thereafter in Guatemala. Once the Guatemalan court issued its order, they filed the motion for reinstatement within a few weeks. Accordingly, the Court finds the Rule 60(b)(6) motion timely.

### 2. Substantive Requirements of Rule 60(b)(6)

Having found the Rule 60(b)(6) motion timely, the Court turns to whether Plaintiffs meet the substantive requirements of Rule 60(b)(6). The Guatemalan order found there was no jurisdiction under Decree 34-97, the Guatemalan Law of Defense of Procedural Rights of Native Citizens and Residents (Decree 34-97), or Guatemala's so-called "FNC Blocking Law." Defendants assert the proceedings in Guatemala were *ex parte* and that Plaintiffs' complaint in Guatemala was incomplete and deliberately mislead the Guatemalan judge to refuse its admission. To support this contention, Defendants rely on the declaration of Francisco Chavez Bosque, a Guatemalan attorney with 35 years experience. Mr. Chavez indicates in his declaration that in Guatemala, a complaint is only served on defendants after it is admitted by a judge. The Guatemalan judge, in this case, did not admit the complaint and therefore, the defendants were not party to the proceeding.

Plaintiff's expert, Hector Fajardo Villagran, another Guatemalan attorney with 35 years experience, indicated the judge was correct to dismiss the complaint based on Decree 34-97, which mandates the dismissal of complaints filed upon a *"forum non conveniens"* order, for reasons of public order and national sovereignty. *Decl. of Villagran*, ¶ 14-15. Undisputed is that Plaintiffs' Guatemalan complaint referenced Decree 34-97 in the applicable law section. (D.E. No. 226-1 at 10). Decree 34-97 reads as follows:

-9-

## DEFENSE OF THE PROCEDURAL RIGHTS OF NATIONALS AND RESIDENTS ACT

*Article 1.* Because it violates the rights guaranteed by the Political Constitution of the Republic and the judicial order of the Guatemala, the theory of *Forum Non Conveniens* - lack of jurisdiction due to inconvenient forum - is declared unacceptable, inapplicable, and invalid when invoked to prevent the trial from continuing in the defendant's domicile Courts.

*Article 2.* The action *in personam* validly filed abroad by a national plaintiff before a competent judge shall extinguish national jurisdiction which shall not be renewed unless a new claim is filed in the country in a spontaneous and totally free manner by the plaintiff.

*Article 3.* In the event a foreign judge is informed of the scope of this law and he declines to hear the case submitted to his jurisdiction, Guatemalan courts may reassume jurisdiction as an exceptional measure and to avoid depriving Guatemalan nationals and residents of due process, but in such specific cases the following course of action must be observed:

a) Declared unconstitutional per the September 29, 1999 judgment by the Constitutionality Court.

b) In the event of a favorable judgment for the plaintiff, the Guatemalan Court hearing the case shall use as reference the amounts and compensation levels from cases substantially similar to those awarded in the country where the case was originally tried, per legal documents proving such compensation levels.

c) The State of Guatemala shall be entitled to benefit from this law when acting as a plaintiff.

*Article 4.* This decree will enter into effect the day following its publication in the official gazette.

Defendants argue and Mr. Chavez indicates that Plaintiffs failed to cite to Article 3 of Decree 34-97 in their Guatemalan complaint, which provides that "if a foreign judge dismisses a case on

-10-

*forum non conveniens* grounds despite having been informed of Decree 34-97, then the Guatemalan courts may reassume jurisdiction to avoid depriving Guatemalan nationals and residents of due process." Chavez, at ¶ 14. Put another way, this section provides for restoration of jurisdiction in Guatemala over a claim brought by a Guatemalan national following a *forum non conveniens* dismissal. *Id.* Defendants urge this Court to find this provision allows the Guatemalan judge to reinstate Plaintiffs' case in that jurisdiction.

The precise language of the law, however, requires the Court to have been aware of Decree 34-97, when ruling on the *forum non conveniens* motion. In reviewing this Court's order granting the Defendants' renewed *forum non conveniens* motion, there is no mention of the law. A review of the *forum non conveniens* motion itself reveals no mention of the law. Indeed, Mr. Chavez's declaration in support of the *forum non conveniens* motion makes no mention of Decree 34-97 and neither does the state court order dismissing for *forum non conveniens*. At oral argument on the motion to reinstate, Defendants' counsel indicated that the Plaintiffs failed "to advise this Court when the matter was before the Court that there was this so-called blocking statute in effect." Status Conf. Tr. at 6 (D.E. No. 264). Because this Court was unaware of Decree 34-97 when it issued its order dismissing for *forum non conveniens*, Article 2 of Decree 34-97, does not apply.

Nevertheless, this does not mean that the case should be reinstated here. Rather, the Court must turn to whether the requirements of Rule 60(b)(6) are met to reinstate this case. Defendants contend that Plaintiffs cannot meet the Rule 60(b)(6) standard for "exceptional circumstances" because not only did they fail to advise the Court in prior briefing about the Guatemalan Decree 34-97, but they also did not appeal the ruling in Guatemala. Defendants argue Plaintiffs must exhaust

-11-

foreign appellate processes before a case can be reinstated here. *See, e.g., Warter v. Boston Secs., S.A.*, 380 F. Supp. 2d 1299, 1316 (S.D. Fla. 2004) (dismissing case on *forum non conveniens* and indicating that case will only be reinstated if dismissed by highest court in Argentina); *Palacios v. The Coca-Cola Co.*, No. 10-CIV-3120 (RJS) (S.D.N.Y. Aug. 18, 2011) (denying motion to reinstate case because plaintiffs failed to appeal in Guatemalan courts and *forum non conveniens* dismissal conditioned reinstatement on the plaintiffs exhausting the Guatemalan appellate procedure). Unlike the *forum non conveniens* dismissals in *Warter* and *Palacios*, the *Aldana* order dismissing this case for *forum non conveniens* did not contain such a precondition to reinstatement. It stated: "Plaintiff's claim is dismissed for *forum non conveniens* without prejudice to Plaintiff's right to seek reconsideration if any of the Plaintiffs are required to appear in person in Guatemala in order to litigate their claims." " *See Order Dismissing Case for Forum Non Conveniens*, at *11 (D.E. No. 212). Having not conditioned this order on final appellate review, the Court must decide whether Plaintiffs should have petitioned for an appeal regardless, before seeking reinstatement.

Defendants' expert, Mr. Chavez, explains in his declaration that under Guatemalan law a plaintiff "may object to an order refusing to admit a complaint by filing a written objection with the judge called a *"nullidad"* or "annulment." He adds that "a plaintiff has the right to file a *nullidad* to request the annulment of an order refusing admission of a complaint within three days of receipt of official notice of such order." *Decl. of Chavez* at ¶ 6-7 (D.E. 234-2 at 4). In this case, Plaintiffs' failure to file a *nullidad* in Guatemala and to exhaust their avenues for relief in their home country precludes this Court from finding the "exceptional circumstances" standard is met. Their abandonment of their appellate rights in Guatemala precludes the Court from finding that there is

-12-

no avenue for relief, but for reinstating this case. Even where plaintiffs have exhausted their appellate rights in the foreign jurisdiction, the Rule 60(b)(6) standard is not easily met. *In Re: West Caribbean Airways*, 2012 WL 1884684 (S.D. Fla. May 16, 2012) (denying motion to vacate forum *non conveniens* dismissal even where plaintiffs filed two appeals in the foreign jurisdiction). At a minimum, Plaintiffs should have filed a *nullidad* in Guatemala prior to seeking reinstatement here. Absent that persistence by the Plaintiffs in the foreign jurisdiction, the Court cannot invoke the extraordinary remedy of Rule 60(b)(6) to grant relief.

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of October, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record